Jiwan SINGH, Plaintiff,

v.

IMMIGRATION AND NATURALIZATION SERVICE and Cecil W. Fullilove, District Director, Immigration and Naturalization Service, San Francisco District, Defendant.

No. C–70 351.

United States District Court,
N. D. California.

May 27, 1970.

---

Joseph S. Hertogs, Jackson & Hertogs, San Francisco, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty., David R. Urdan, Chief Asst. U. S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GEORGE B. HARRIS, Chief Judge.

Plaintiff in his petition for review of administrative action and for declaratory judgment has recited the facts in this case concerning which there is no dispute. Defendant moves for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, there being only a matter of law at issue. Plaintiff has filed a cross-motion for summary judgment.

The sole question before the Court is whether the five-year limitation provision of Section 246(a) of the Immigration and Nationality Act (8 U.S.C. § 1256 [a]) [1] (hereinafter referred to as the Act), was tolled when the plaintiff was served with a "Notice of Intention to Rescind Adjustment of Status Under Section 246 of the Immigration and Nationality Act" within the five-year period, although the hearings attendant upon said notice were not completed within the five-year period.

The relevant dates and undisputed facts are as follows:

Plaintiff was first admitted to the United States as a non-immigrant student on January 10, 1959. His status was subsequently adjusted to that of a lawful permanent resident of the United States under Section 245 of the Immigration and Nationality Act (8 U.S.C. § 1255) on October 18, 1963.

On September 12, 1968, the District Director of the Immigration and Naturalization Service mailed a "Notice of Intention to Rescind Adjustment of Status" under Section 246 of the Act. This Notice was received by the plaintiff on September 19, 1968, within the five-year limitation period prescribed by the Act.

By letter of October 11, 1968, within the five-year period, the plaintiff requested a hearing before the Special Inquiry Officer. On December 6, 1968, after a hearing, and after the five-year limitation period, the Special Inquiry Officer ordered the rescission proceedings terminated on the ground that the action was barred by the statute of limitations.

On December 19, 1969, the Board of Immigration Appeals held that the five-

1. The limitation provision of Section 246 (a) insofar as it relates to a rescission of an adjustment of status under Section 245 of the Act reads as follows:

"* * * If, at any time within five years after the status of a person has been otherwise adjusted under the provisions of section [245] * * * of this [Act] or any other provision of law to that of an alien lawfully admitted for permanent residence, it shall appear to the satisfaction of the Attor-

ney General that the person was not in fact eligible for such adjustment of status, the Attorney General shall rescind the action taken granting an adjustment of status to such person and cancelling deportation in the case of such person if that occurred and the person shall thereupon be subject to all provisions of this [Act] to the same extent as if the adjustment of status had not been made."

year limitation provision of Section 246 was tolled when the "Notice of Intention to Rescind Adjustment of Status" was issued, and ordered that the Special Inquiry Officer's decision terminating the proceedings be withdrawn.

The Court is asked to review the decision of the Board.

The Special Inquiry Officer was of the opinion that the statutory language required " * * * action within a prescribed period of five years, not the mere possibility of action," and that the statute was not tolled by the mere filing of notice. In so doing, he subscribed to the interpretation given to the Act by the Court in Quintana v. Holland, 255 F.2d 161, 164 (3rd Cir. 1958):

> "We take a different view of this statute than that of the district court in this case and Government's counsel in support of the court's ruling. That which is accomplished by a rescission of status is pretty harsh. It is comparable to the revocation of citizenship about which the courts have been very keen to make sure that the individual received careful protection. The rescission blocks the man on the road to citizenship, and results in banishment from a country where he may have lived a long time, as in this case. We think, therefore, that Congress meant to require the Attorney General to take the described action within five years and to be bound by that limitation itself.
>
> What is the described action the Attorney General must take? In our opinion the giving of notice within the five-year period is not enough. The statute uses the words 'it shall appear to the satisfaction of the Attorney General' and so forth. *We think that something appearing to an officer's 'satisfaction' means that he must have something more than a hunch about it, or even more than that he may be convinced in his own mind. We think it means a reasonable determination made in good faith after such investigation and hearing as is required.*"
> (Italics ours)

No valid reason appears for departing from the well-reasoned rule of that case. The express language of the Act requires that the Attorney General be satisfied that plaintiff was not, in fact, entitled to the adjustment of status within the five-year period. A reasonable determination made in good faith after investigation and hearing is obviously required. Otherwise, the proceedings could continue on interminably without an effective statute of limitations on which the immigrant may rely.

Thus it appears that it was impossible for the Service to afford plaintiff herein a hearing within the contemplation of the Act, according him not only an opportunity to be heard, but as well, to cross-examine witnesses and to produce evidence within the period of time prescribed by the Act.

Accordingly, plaintiff's motion is granted and defendants' motion denied.